EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELIZARDO RUIZ TORRES, acusado y apelante.

*Número:* CR-67-108     *Resuelto:* 21 de abril de 1971

*Héctor M. Martínez Colón,* abogado del apelante; *J. B. Fernández Badillo, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado de robo. Coincidió con el perjudicado en una cafetería en un barrio de Peñuelas. El perjudicado bebió unas cervezas, pagó, y le sobraron $87 que puso en una cartera que guardó en un bolsillo de la camisa. El perjudicado salió en dirección a Peñuelas. Al rato de salir, ya era más de la medianoche, le salió al paso el apelante, le cogió por los pies y le arrebató la cartera desgarrándole la camisa.

La defensa del apelante fue una coartada. El juez permitió presentar prueba sobre la defensa de coartada a pesar de que no notificó al fiscal según lo requiere la Regla 74 de las de Procedimiento Criminal. Alega que al abandonar el cafetín tomó la dirección de Ponce; que en esa ciudad tuvieron un accidente de automóviles y para corroborar su testimonio se presentó en evidencia la denuncia radicada en la cual se alega que el accidente ocurrió a la una de la mañana y donde aparece el apelante como testigo de cargo.

El jurado consideró toda la prueba y dirimió el conflicto en contra del apelante.

La defensa, al anunciarse el veredicto del jurado, solicitó la comprobación del mismo, preguntándole a cada jurado cómo había votado. El juez negó el pedido en la forma solicitada. Resolvió que lo que procedía era inquirir de cada uno si el veredicto rendido representaba el sentir del jurado. Es correcta esa resolución. La Regla 151 dispone que "[C]uando el jurado hubiere rendido un veredicto, a requerimiento de cualquier parte o a instancias del propio tribunal, tal veredicto deberá ser comprobado en cuanto a cada miembro del jurado. Si como resultado de esta comprobación se determinare que el veredicto no fue rendido, al menos, por nueve miembros del jurado, se le podrá ordenar al mismo retirarse a continuar sus deliberaciones o podrá ser disuelto."

El propósito de esta Regla es garantizarle al acusado que el veredicto anunciado es el verdadero acuerdo del

jurado y que ninguno de los jurados ha sido coaccionado. Es la oportunidad que tienen los jurados de protestar en corte abierta si el veredicto anunciado no responde a lo acordado. *Miranda* v. *United States*, 255 F.2d 9 (1st Cir. 1958); 2 Wright *Federal Practice & Procedure*, sec. 517 (ed. 1969). Esta Regla no autoriza ciertamente a que se divulgue cómo votó cada uno de los jurados. Garantiza al acusado comprobar que el veredicto anunciado es el verdadero acuerdo del jurdo, pero nada más que eso. El Tribunal tiene discreción en cuanto a la forma de hacer la comprobación. *Posey* v. *United States*, 416 F.2d 545 (5th Cir. 1969). Mantener en secreto cómo votó cada miembro del jurado es de suma importancia en las jurisdicciones donde el veredicto se rinde por mayoría. *Cf. Jaca Hernández* v. *Delgado*, 82 D.P.R. 402 (1961).

*Se confirma la sentencia.*