EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MA-RIANO GONZÁLEZ BARRETO, acusado y apelante.

*Número:* CR-76-262      *Resuelto:* 14 de septiembre de 1977

*Wilfredo Figueroa Vélez,* abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Ricardo Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

■ El presente caso constituye otro ejemplo más del recurso inmeritorio que con no poca frecuencia ocupa la atención de este Tribunal. Ello nos obliga a reiterar la pauta que establecimos en *Maldonado* v. *Pichardo*, 104 D.P.R. 778 (1976), al efecto de que los abogados no deben sobrecargar la tarea judicial con planteamientos y recursos frívolos en menoscabo del tiempo y la energía que se debe a los asuntos meritorios.

Los hechos son sencillos. Un jurado declaró culpable al apelante del delito de mutilación y el tribunal de instancia le condenó a sufrir una pena de dos a cuatro años de presidio bajo el régimen de libertad a prueba. No conforme interpuso el presente recurso señalando como fundamento para la revocación que no tuvo un proceso justo e imparcial, que el tribunal de instancia le negó un nuevo juicio y que la prueba es insuficiente para demostrar el delito de mutilación.

■ El primer apuntamiento se funda en que el juez que presidió el juicio, Honorable Roberto Veray Torregrosa, debió haberse inhibido por ser pariente en el sexto grado de consanguinidad del abogado José Veray. Este abogado representa al perjudicado de este caso en una acción civil separada contra el apelante reclamándole los daños causados por la mutilación. La Regla 76 (e) de Procedimiento Criminal establece como una de las causas para solicitar la inhibición del juez el parentesco de éste dentro del cuarto grado de consanguinidad o afinidad con el acusado, su abogado o el fiscal. No existe en este caso relación de parentesco alguna con ninguno de los tres. Quizás, por eso fue que el apelante no solicitó la inhibición del Juez Veray Torregrosa en el tribunal de instancia. Ello de por sí sería suficiente para desechar el planteamiento por tardío. Pero, en adición, hace más de un año, el pasado 5 de agosto de 1976, que dispusimos de este mismo planteamiento levantado entonces por el apelante en

154

una moción informativa. En esa ocasión nuestra resolución fue al efecto de que la cuestión era irrelevante e inmaterial a la luz de la mencionada Regla 76(e). No obstante, el apelante, sin atenerse a lo ya resuelto, tardíamente además y sin nuevos argumentos que razonablemente justificaran su posición, vuelve a insistir en su planteamiento ocupando por segunda vez la atención de este Tribunal. No hemos titubeado en imponer sanciones económicas a los peticionarios que han interpuesto frívolamente recursos de revisión contra sentencias en casos civiles, *Maldonado* v. *Pichardo*, supra. En las causas criminales preferimos por el momento prevenir a los abogados contra tales prácticas advirtiéndoles de las sanciones a nuestro alcance para disuadirlos de las mismas.

■ Es igualmente frívolo el señalamiento relativo a la denegación de la moción de nuevo juicio. El apelante fundó dicha moción en el descubrimiento de nueva prueba consistente en el testimonio de Jenaro Rosario Vega, operador de máquinas de películas, quien había tomado tres películas del perjudicado trabajando en su garaje. Aparece del expediente que Rosario Vega también había tomado películas del perjudicado antes del juicio y fue en efecto presentado por el apelante como testigo de defensa en la vista preliminar. Por consiguiente, el apelante pudo haberlo presentado como su testigo durante el juicio y si no lo hizo en el momento oportuno, no puede quejarse de su omisión en este recurso.

■ El ataque del apelante a la suficiencia de la prueba para establecer el delito de mutilación es del todo inmeritorio.

El Art. 212 del anterior Código Penal, 33 L.P.R.A. sec. 671, define el delito de mutilación como la privación a un ser humano de un miembro de su cuerpo o la desfiguración o inutilización de dicho miembro. La prueba pericial presentada por el Ministerio Público revela que el perjudicado no puede estirar el codo más de un ángulo aproximado de cien grados, que no puede doblar hacia atrás la muñeca ni doblar los dedos abriendo y cerrando la mano. El perito médico opinó

que el perjudicado no puede hacer las funciones normales que una persona puede hacer con su mano, siendo dicha condición de carácter permanente no susceptible de ser corregida mediante cirugía, ni operando el brazo ni operando el músculo. Esta prueba no aparece refutada en la exposición narrativa preparada por el apelante. Tampoco aduce éste fundamento válido para rechazarlo en apelación. Es evidente, que de ser creída como lo fue por el jurado que rindió veredicto de culpabilidad, es suficiente para sostener la comisión del delito de mutilación.

*Se dictará sentencia confirmando el fallo condenatorio y la pena aquí recurrida.*

El Juez Asociado Señor Rigau no intervino.