El Pueblo de Puerto Rico, peticionario, *v.* Elizardo Ruiz Torres, demandado y recurrido.

Número: CE-88-748        Resuelto: 18 de diciembre de 1990

*Rafael Ortiz Carrión*, Procurador General, *Norma Cotti Cruz*, Procuradora General Interina, *Rose Mary Corchado Lorent*, Procuradora General Auxiliar, abogados de El Pueblo; *Justo Torres Cintrón*, abogado del recurrido.

## SENTENCIA

Mediante *certiorari*, el Procurador General solicita la revisión de una resolución del Tribunal Superior que declaró con lugar una moción del acusado al amparo de la Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El dictamen del foro de instancia dejó sin efecto la sentencia dictada el 27 de febrero de 1967, mediante la cual se le condenó a una pena de uno (1) a tres (3) años de reclusión por el delito de robo, y lo absolvió.

### I

El 27 de febrero de 1967 el Tribunal Superior dictó sentencia contra el Sr. Elizardo Ruiz Torres. Le impuso una pena de reclusión por el término de uno (1) a tres (3) años por el delito de robo. Mediante opinión confirmamos la sentencia. *Pueblo v. Ruiz Torres*, 99 D.P.R. 830 (1971).

Estando pendiente el recurso apelativo y mientras permanecía en libertad bajo fianza, el acusado evadió la jurisdicción. Tras una serie de gestiones para localizarlo, Ruiz Torres finalmente fue arrestado y se le ingresó en prisión el 3 de junio de 1988. Luego

de trámites procesales,(1) el convicto presentó una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*. El Estado compareció a oponerse y el tribunal, tras acoger la misma como un recurso de *Coram Nobis*, dictó resolución que dejó sin efecto la sentencia y absolvió al acusado.

De esa resolución recurre el Procurador General para oponerse a la absolución de Ruiz Torres. Sostiene que a tenor con la referida regla lo que procedía era la celebración de un nuevo juicio. Decidimos revisar la resolución emitida y ordenamos la expedición del mandamiento de *certiorari* al tribunal *a quo*. Revocamos.

## II

En lo pertinente a la controversia de autos, la citada Regla 192.1 de Procedimiento Criminal dispone:

(a) . . . Cualquier persona que *se halle detenida en virtud de una sentencia dictada por cualquier Sala del Tribunal de Primera Instancia y que alegue el derecho a ser puesta en libertad porque (a) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos, o, (b) el tribunal no tenía jurisdicción para imponer dicha sentencia, o, (c) la sentencia impuesta excede de la pena prescrita por la ley, o, (d) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presenter una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia.*

. . . . . . . . .

Si el tribunal determina que la sentencia fue dictada sin jurisdicción, o que la sentencia impuesta excede la pena prescrita por la ley, o que por cualquier motivo está sujeta a ataque colateral, o que ha habido tal violación de los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, *el tribunal la anulará y dejará sin efecto y ordenará que el peticionario sea*

---

(1) Entre los trámites procesales están la presentación de una moción de desestimación al amparo de la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, una petición de *certiorari* de la negativa del tribunal de instancia para desestimar y un recurso de hábeas corpus. En este último recurso el recurrido expone las razones por las cuales evadió la jurisdicción.

*puesto en libertad, o dictará una nueva sentencia, o concederá un nuevo juicio, según proceda.* (Énfasis suplido.)

Esta regla provee uno de los procedimientos que ofrece nuestro ordenamiento para cuestionar la validez de una sentencia dictada. O.E. Resumil de Sanfilippo, *En nombre del debido proceso de ley . . . la garantía constitucional de los derechos individuales a través del derecho penal sustantivo y la etapa investigativa del proceso penal*, 58 Rev. Jur. U.P.R. 135, 186 (1989). La moción dispuesta por esta regla sólo puede ser utilizada cuando el peticionario *está convicto, cumpliendo prisión* como consecuencia de la sentencia cuya validez o constitucionalidad impugna. *Correa Negrón v. Pueblo*, 104 D.P.R. 286, 292 (1975). Tiene que ser presentada en el tribunal sentenciador en cualquier momento después de dictada sentencia, incluso cuando ésta haya advenido a ser final y firme. D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 3ra ed., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, Sec. 15.7, pág. 188.

Una moción al amparo de esta regla procederá cuando la sentencia dictada sea contraria a la ley o viole algún precepto constitucional; cuando haya sido dictada sin jurisdicción; cuando exceda la pena prescrita por la ley, o cuando *esté sujeta a ataques colaterales por cualquier fundamento*. El tribunal podrá, discrecionalmente, dejar sin efecto la sentencia, ordenar la excarcelación del convicto, dictar nueva sentencia o conceder un nuevo juicio.

Por otro lado, mediante el recurso de *Coram Nobis* se puede dejar sin efecto o modificar una sentencia dictada en un procedimiento criminal debido al surgimiento de hechos no constatables en los autos pero existentes antes de dictarse. Se requiere que al momento de dictarse la sentencia no se hayan conocido estos hechos, ni hayan sido descubiertos mediante el ejercicio de razonable diligencia. *Correa Negrón v. Pueblo*, supra, págs. 292–293; *Pueblo v. Cruzado*, 74 D.P.R. 934, 939 (1953). El *Coram Nobis* sólo está disponible para revisar errores de hechos cometidos por el tribunal de instancia. No procede para revisar

cuestiones de derecho. *Pueblo v. Nazario*, 53 D.P.R. 239, 242 (1938); *Correa Negrón v. Pueblo*, supra.

El *Coram Nobis* tiene varias diferencias con respecto a la moción bajo la Regla 192.1 de Procedimiento Criminal, *supra*. Primero, bajo dicha Regla 192.1 el peticionario tiene que encontrarse bajo *custodia*. El *Coram Nobis*, por su parte, procede cuando el peticionario está en libertad por haberse extinguido la sentencia que pretende anular. D. Rivé, *Recursos Extraordinarios*, San Juan, Universidad Interamericana, 1989, pág. 164. En segundo lugar, la citada Regla 192.1 de Procedimiento Criminal sólo puede ser usada para revisar cuestiones de derecho. Como vimos, bajo el *Coram Nobis* sólo se revisan errores de hechos, surgiendo una presunción de que de haberse conocido la realidad de éstos, el tribunal no los hubiese cometido. *Pueblo v. Nazario*, supra, pág. 242; *Pueblo v. Cruzado*, supra, pág. 940; Rivé, *op. cit.*, págs. 163–164.

### III

El peticionario Ruiz Torres planteó en su moción que tenía pruebas conducentes a establecer que se cometió un error en la identificación que se le hizo en la etapa investigativa. Alega que el perjudicado, a través de su hijo, le manifestó que se había equivocado al identificarlo como la persona que le robó.[2] Añade, además, que al momento de su encausamiento no estaba disponible el mecanismo de identificación mediante la rueda de detenidos que hoy se reconoce en la Regla 252.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Los planteamientos hechos por el señor Ruiz Torres se refieren a cuestiones de hecho, ya que versan sobre la existencia de alegada prueba exculpatoria referente a un error en su

---

[2] En la moción al amparo de la Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el peticionario señala que el perjudicado no está disponible para testificar debido a que sufrió un derrame cerebral que lo mantiene en coma. Añade que al hijo del perjudicado se le han tomado declaraciones juradas en las cuales informa lo relatado por su padre. Finalmente, el peticionario también incluyó otras declaraciones juradas de personas que están disponibles para testificar a los fines de sostener el error en la identificación.

identificación como autor del delito por el cual fue convicto. Véase *Pueblo v. Ortiz Pérez*, 123 D.P.R. 216 (1989). Es por tal razón que la Regla 192.1 de Procedimiento Criminal, *supra*, es inaplicable a la presente situación. Como señalamos, los fundamentos para revisar la sentencia impuesta se limitan a cuestiones de derecho. Aunque la regla dispone que la "sentencia est[é] sujeta a ataque colateral por cualquier motivo", de un lenguaje integral, no podemos concluir que ese fundamento se refiere a cuestiones de hechos. Interpretar la regla de esa manera sería contrario a los anteriores fundamentos contenidos en la regla los cuales son estrictamente de derecho.

Por otro lado, el recurso de *Coram Nobis* tampoco era el apropiado para esta situación. Aunque este recurso está disponible para impugnar sentencias por cuestiones de hecho, lo cierto es que éste procede cuando el peticionario está en libertad. Como expresamos, en este caso Ruiz Torres está bajo custodia como consecuencia de la sentencia condenatoria que le fue impuesta. De modo que por ser inaplicables ambos recursos, tenemos que determinar qué recurso tenía disponible el convicto.

## IV

No obstante, entendemos que Ruiz Torres tenía disponible el remedio provisto por la Regla 192 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que indica:

> También podrá el tribunal, a solicitud del acusado, conceder un nuevo juicio cuando después de dictada la sentencia sobreviniere el conocimiento de nuevos hechos o de nuevos elementos de prueba de tal naturaleza que evidencien la inocencia del condenado.

Este estatuto le confiere al convicto la facultad de presentar una moción una vez dictada sentencia para que se celebre un nuevo juicio si surgen nuevos hechos o nueva prueba que *demuestre su inocencia*. Esta moción tiene que presentarse al tribunal a los treinta (30) días desde que el peticionario tuvo conocimiento del descubrimiento. Regla 189 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Consideramos que la prueba que alega tener el peticionario tiende a demostrar su inocencia. Esta consiste en varios testimonios sustentados por declaraciones juradas, entre los cuales está el del hijo del perjudicado. Independientemente de los posibles problemas probatorios que pueda tener ese testimonio, los cuales deberán ser dilucidados en juicio, lo cierto es que esos hechos van dirigidos a probar que él no fue la persona que cometió el delito por el cual fue convicto. Por otro lado, el peticionario presentó su moción dentro de los treinta (30) días después de conocer los hechos nuevos que sustentan su moción. Así se refleja en la declaración jurada del Sr. Ángel Luis Figueroa Alvarado que se encuentra en autos y que fue unida en la moción presentada.

De otra parte, aunque el peticionario presentó una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, eso no nos impide evaluarla como una moción de nuevo juicio en conformidad con la Regla 192 de Procedimiento Criminal, *supra*. El nombre con que se determina un recurso no es determinante de su naturaleza ni debe ser decisivo desde el punto de vista de la función de hacer justicia. *Correa Negrón v. Pueblo*, supra, pág. 293. Nuestra filosofía judicial ya no admite que se resuelvan los asuntos a base de la mística de las palabras formales. *Pueblo v. Cruzado*, supra, pág. 940.

Es por estas razones que en este caso lo que procedía era la celebración de un nuevo juicio donde el juzgador evaluara la nueva prueba del peticionario y el Ministerio Público tuviera la oportunidad de rebatirla. Incidió el tribunal al absolver al acusado.

Por los fundamentos que anteceden, *se revoca la resolución del tribunal de instancia y se ordena la celebración de un nuevo juicio.*

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García disiente con opinión escrita. El Juez Asociado Señor Rebollo López disiente sin opinión escrita.

( *Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Opinión disidente del Juez Asociado Señor Negrón García.

## I

El 27 de febrero de 1967, en el Tribunal Superior, Sala de Ponce, un Jurado encontró culpable a Elizardo Ruiz Torres por el delito de robo. El Hon. Juez Edwin Meléndez Grillasca lo sentenció a una pena de reclusión de uno (1) a tres (3) años. Inconforme, apeló por conducto del Lcdo. Héctor M. Martínez Colón. El 21 de abril de 1971 confirmamos. *Pueblo v. Ruiz Torres*, 99 D.P.R. 830 (1971), opinión *per curiam*. La transcripción de evidencia elevada en aquel momento revela la suficiencia de la prueba en que se fundó su convicción. Además, como dato crucial, refleja que el perjudicado señor López Figueroa Alvarado conocía al acusado Ruiz Torres y a su padre; que eran amigos y vecinos en el mismo barrio. T.E., págs. 24 y 42.

La sentencia no se pudo cumplir. Ruiz Torres abandonó la jurisdicción. Después, el 30 de septiembre de 1971, se confiscó la fianza.

Al cabo de varios años, el 3 de junio de 1988, fue arrestado e ingresado para cumplir la sentencia. El 10 de junio, por derecho propio, solicitó del Tribunal Superior, Sala de Ponce, la "[d]esestimación bajo la Regla 64" de Procedimiento Criminal, 4 L.P.R.A. Ap. II. Apéndice IV, pág. 8. Adujo que fue arrestado sin orden y que el delito "expiró o caducó". Apéndice VI, pág. 10. El 14 de junio dicho foro (Hon. José M. Ayala Cádiz, Juez) declaró sin lugar ese pedido.

El 20 de junio de 1988 vino ante nos en *certiorari* (MO-88-21) y reiteró que el delito estaba prescrito. El 22 de junio acumuló a ese recurso uno de hábeas corpus. Como excusa para no haber cumplido la sentencia, esta vez adujo que el trámite legal tardaba mucho; que después de haber consultado con su representante legal, partió hacia Estados Unidos para trabajar y pagar los gastos del mismo; que toda su familia, el abogado y otras personas

conocían su dirección; que *viajaba constantemente para conocer el "status" del nuevo juicio*; que nunca tuvo ningún problema o inconveniente, al contrario, que todo marchaba bien. Aceptó que fue arrestado el 3 de junio de 1988 porque estaba evadido aunque ello "no constaba en los records". Como dato expositivo de que no se encontraba "evadido", consignó que el Hon. Juez Luis F. Pieraldi Cappa lo casó en 1985. Además, que tuvo otro caso (agresión agravada) que se arregló satisfactoriamente.

Referimos sus escritos a la Sociedad de Asistencia Legal. El 5 de agosto de 1988 dicha entidad rindió su informe. Pendiente de nuestra decisión, Ruiz Torres desistió. Como razón nos informó que el 20 de julio de 1988 había presentado en instancia una moción al amparo de la Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En la misma, a través del Lcdo. Justo Torres Cintrón, alegó que el perjudicado del robo, López Figueroa Alvarado, le había manifestado a su hijo, Ángel Luis Figueroa Alvarado, que se había equivocado en la identificación de su persona. Acompañó una declaración jurada por Ángel Luis el 19 de julio de 1988 y una nota del perjudicado a manuscrito. Debemos enfatizar que para esa fecha éste no estaba —ni estará— disponible para testificar debido a un derrame cerebral. Fundado en esa prueba, y a la luz del tiempo transcurrido, solicitó el archivo y sobreseimiento del caso.

Originalmente el tribunal de instancia (Hon. Luis F. Pieraldi Cappa) le negó la fianza. Dicho magistrado le advirtió que se declararía sin jurisdicción por razón del recurso pendiente ante nos (MO-88-21). Fue entonces que Ruiz Torres desistió.

Oportunamente, el tribunal de instancia celebró una vista, acogió la moción como un recurso de *Coram Nobis*, dejó sin efecto la sentencia de 1967, lo absolvió y lo excarceló. Este dictamen se produjo luego de desfilada la prueba consistente de los testimonios de Ramiro Ruiz Torres, Radamés Ortiz Colón y Ángel Luis Figueroa Alvarado. Dicho foro estimó probado:

1) Que el acusado ELIZARDO RUIZ TORRES enjuiciado, convicto y sentenciado por este Tribunal por el delito de robo el día

27 de febrero de 1967, luego de haber sido encontrado culpable por un jurado y por voz del Honorable Juez Edwin Meléndez Grillasca..

2) Que la convicción se basó en el testimonio del supuesto perjudicado en el caso, señor López Figueroa Alvarado, quien identificó al acusado como el que lo asaltó la noche del 27 de noviembre de 1966, en un campo de Peñuelas.

3) Que el referido perjudicado en este caso actualmente se encuentra incapacitado para testificar en el Tribunal, *pero que anterior a su incapacidad había hecho gestiones para localizar al acusado o alguno de sus familiares sobre su duda de lo acontecido la noche del 27 de noviembre de 1966.*

Se presentó por el hijo del testigo, supuesto perjudicado, Angel Luis Figueroa Alvarado, un escrito donde exonera al acusado ELIZARDO RUIZ TORRES, escrito que fue autenticado por el declarante hijo del supuesto perjudicado en el caso, señor Angel Luis Figueroa Alvarado. (Énfasis suplido.) Apéndice XIII, págs. 25–26.

A solicitud del Procurador General, examinamos si procedía su absolución.

## II

La sentencia mayoritaria revoca y concede hoy un nuevo juicio. Más allá de la dicotomía y alternativa procesal planteada por el Estado, no podemos suscribir ese curso decisorio. Ruiz Torres no es acreedor a ese remedio. Nos explicamos.

En el fondo este caso se proyecta como un gran fracaso y desprestigio de nuestro sistema de justicia criminal. Demuestra cómo un individuo se burla tranquilamente de la justicia y utiliza con éxito diversos mecanismos para evadir su responsabilidad con la sociedad cuando es llamado a responder por un delito. Abandonó esta jurisdicción y durante diecisiete (17) años llevó una vida "normal". ¿Cómo creerle que ignoraba que la sentencia de robo había sido confirmada?

Los mecanismos de las Reglas 188 (Nuevo Juicio), 192 (Remedio de *Coram Nobis*) y 192.1 (Procedimiento Posterior a Sentencia en Instancia), 34 L.P.R.A. Ap. II —en lo referente a nueva prueba exculpatoria— necesariamente parten del supuesto

de que el convicto actuó diligentemente para descubrirla; de que la misma no estuvo accesible antes, y de que no es responsable de esa indisponibilidad. *Pueblo v. González Barreto*, 106 D.P.R. 152 (1977), y casos citados; *Correa Negrón v. Pueblo*, 104 D.P.R. 286 (1975).

Bajo este enfoque, es evidente que no procedía la absolución de Ruiz Torres ni un nuevo juicio. No concurren aquí ninguna de las circunstancias que así lo justifiquen. La nueva prueba que "convenientemente" aparece ahora —cuando es llamado a cumplir la sentencia que se le impuso años atrás— siempre estuvo accesible. Durante todos los años de su "auto-libertad" pudo haberla "descubierto" con un mínimo de esfuerzo. No lo hizo. No podemos premiar su pasividad. Sus alegaciones no merecen crédito. Si bien le correspondía, no demostró que realizara diligencias razonables para descubrir la nueva prueba. Repetimos, el perjudicado Figueroa Alvarado y su hijo Ángel Luis no eran extraños para él. Refrendar al presente su conducta y táctica procesal —cuando el perjudicado Figueroa Alvarado no puede declarar en su contra— es la suma de una *gran injusticia*. Este Tribunal no debería fomentar esta clase de comportamiento.