# 2009 DTA 113

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE CAGUAS**
**PANEL ESPECIAL**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ISANDER MARTÍNEZ CRUZ
Peticionario

Núm. KLCE-2009-00778

San Juan, Puerto Rico, a 10 de agosto de 2009

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Salas Soler y la Juez Colom García

Arbona Lago, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

**Antecedentes**

El Sr. Isander Martínez Cruz (Sr. Martínez), *pro se* y en manuscrito de 10 pliegos, informa estar confinado en el Complejo Correccional de Ponce, Puerto Rico. Cumple Sentencia de 685 años, impuesta el 20 de diciembre de 2004 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), por cinco cargos de asesinato, un cargo de tentativa de asesinato y un cargo de escalamiento agravado, referentes a los artículos 83 y 171 del Código Penal de 1974, respectivamente, así como tres cargos por infracción al Art. 5.04 de la Ley de Armas de Puerto Rico (portación y uso de armas de fuego ilegales).

Expone el peticionario que entonces estuvo representado por el Lcdo. Pedro Hernández Alvarado (Lcdo. Hernández) a quien se le unió el Lcdo. Agustín Ponce de León, únicamente para el Acto de Dictar Sentencia.

Ambos abogados fueron nombrados de oficio. (Apéndice uno, folio 2.)

Examinados los autos originales elevados por el TPI, advertimos que hace casi 4 años por derecho propio y vía moción del 8 de agosto de 2005, el Sr. Martínez compareció ante Instancia y alegó que durante el proceso criminal sus derechos constitucionales fueron infringidos, por lo que solicitó remedio así como la asignación de defensor de oficio. El 10 de agosto de 2005, el TPI ordenó se notificara de dicho escrito al abogado de récord y al Ministerio Público, para que fijaran sus posiciones.

El 26 de agosto de 2005, la Fiscal Auxiliar, Hon. Ivette Rivera Valera, suscribió "Moción" en la que negó las imputaciones del convicto sobre violación a sus derechos constitucionales y requirió del TPI denegar de plano la solicitud del Sr. Martínez. Mediante Orden notificada el 31 de agosto de 2005, el TPI acogió la invitación del Ministerio Público y dictó un "Como Se Solicita" a la referida "Moción". (Apéndice siete.)

El 31 de agosto de 2005, el entonces defensor de oficio del Sr. Martínez, Lcdo. Hernández, compareció ante el TPI y expuso lo siguiente:

*"1) Que ha sido notificado con copia de **escrito de apelación** y orden de este Honorable Tribunal a los efectos de que expresáramos nuestra posición.* (Énfasis suplido.)

...

*4) Que el llevar a cabo una apelación, ser[í]a muy oneroso para el abogado suscribiente, ya que las escasas economías que poseía se agotaron durante el proceso.*

*5) Que durante el proceso, el abogado suscribiente fue hospitalizado con un padecimiento cardiaco por lo que su salud se ha vito afectada y continua afectada.*

*6) Que se solicita se le asigne* [al Sr. Martínez] *un abogado para que lleve a cabo la apelación y se releve al abogado suscribiente de dicha responsabilidad."* (Apéndice seis.)

Conforme surge de los autos originales, el 13 de septiembre de 2005, Instancia notificó Orden para denegar el relevo solicitado por el Lcdo. Hernández.

El 1 de diciembre de 2005, el Sr. Martínez compareció nuevamente ante el TPI y arguyó que "no apel[ó] ante el Tribunal de Apelaciones, ya que el abogado no ejerci[ó] este derecho, así consumi[é]ndose el t[é]rmino para hacerlo." Solicitó entonces "la adquisición de la transcripción del juicio [...ya que] es necesaria para poder presentar el próximo recurso a seguir y presentar las fayas (*sic*) del juicio". El 9 de diciembre de 2005, Instancia ordenó que el abogado de récord fuera notificado, "para que proced[iera] con la solicitud correspondiente."

Los autos reflejan que el 3 de enero de 2006, el Sr. Martínez presentó ante el TPI "Moción Sobre Designación de Abogado". El 9 de febrero de 2006, Instancia notificó, tanto a la defensa como al Ministerio Público, una Orden en la que aclaró que "[e]l abogado de récord no ha sido relevado de la representación legal del convicto."

Así las cosas, el 2 de marzo de 2007, el Sr. Martínez acudió por derecho propio ante el TPI mediante "Moción Bajo la Regla 192.1 de las de Procedimiento Criminal, [1] Debido Proceso de Ley, Juicio Justo e Igual Protección de las Leyes", en la que expuso, en lo atinente, como sigue:

*"4. Que el Lcdo. Pedro Hernández Alvarado, abogado del hoy convicto, lo abandonó en el proceso de*

*apelación al no apelar dicha sentencia por lo cual se vió (sic) afectado seriamente el derecho Constitucional del acusado.*

*5. El convicto se encuentra detenido ilegalmente y alega que no tuvo un juicio justo por los siguientes fundamentos:*

*(a) El acusado ataca colateralmente su sentencia porque no se le proveyeron salvaguardas constitucionales que surgen del debido proceso de ley, el derecho a juicio justo, la adecuada representación legal y a la igual protección de las leyes.*

*(b) La sentencia emitida en este caso es producto del testimonio perjuro del Ministerio Público, los fiscales Yaritza Carrasquillo Aponte y Rafael F. Robert Sánchez.*

*6. ...*

*(f) Tr[á]mite Apelativo: Los abogados que representaron al hoy convicto nunca apelaron a pesar de que el hoy convicto se lo solicitó inmediatamente que fue sentenciado. Lo abandonaron a su suerte."* (Apéndice uno, folios 2 y 3.)

Atendido ello, Instancia dictó órdenes concediendo 15 días plazo al Ministerio Público para exponer al respecto y pautó vista de discusión de la moción bajo la Regla 192.1 de Procedimiento Criminal para 18 de mayo de 2007. Ambas órdenes fueron notificadas al abogado de récord, Lcdo. Hernández.

A la vista de Regla 192.1 del 18 de mayo de 2007, el Lcdo. Hernández no compareció, a pesar de haber sido citado, por lo que se transfirió para el 15 de junio de 2007.

Al señalamiento del 15 de junio de 2007 compareció el Lcdo. Hernández y según trasciende de la Minuta (notificada el 2 de julio de 2007), éste expuso como sigue:

*"Que las alegaciones realizadas son serias y que no es propio que éste (sic) abogado continúe en la representación legal. Además, el acusado no está preparado para representarse por derecho propio.*

*El acusado expresa que interesa que se le asigne un abogado para poder expresarse."*

Evaluados los planteamientos, Instancia ordenó el relevo del Lcdo. Hernández y ordenó la designación de un abogado de oficio para este trámite post-sentencia. De tal forma, el 15 de junio de 2007 se designó al Lcdo. Robert A. Lynch González (Lcdo. Lynch) como abogado de oficio del Sr. Martínez. La vista bajo la Regla 192.1 se transfirió para el 31 de agosto de 2007.

Planteado el conflicto de intereses que surgiría si el Lcdo. Lynch representare al convicto, dada la estrecha relación de amistad entre el Lcdo. Lynch y el Lcdo. Hernández, el TPI acogió la solicitud de relevo del primero y designó como nuevo defensor de oficio al Lcdo. Agustín Gómez Tiburcio (Lcdo. Gómez). La vista sobre la Regla 192.1 quedó re-señalada para el 19 de octubre de 2007.

Mediante moción presentada ante el TPI el 10 de septiembre de 2007, el Lcdo. Gómez solicitó el relevo de representación fundamentado en "[q]ue en la moción presentada se hacen expresiones y alegaciones contra dos (2) compañeros abogados de esta ciudad. Con ambos me unen lazos de amistad, por lo que entiendo no es prudente de mi parte pasar juicios sobre la veracidad o no de las alegaciones que se hacen." Atendido ello, el 3 de octubre de 2007, Instancia acogió la solicitud y relevó al Lcdo. Gómez de la representación legal de oficio.

En Minuta notificada el 31 de octubre de 2007, sobre Vista celebrada el ·19 de igual mes y año, el convicto solicitó del TPI nueva designación de abogado de oficio. Ante ello, Instancia expuso:

*"Que no puede continuar designando abogados de oficio. En esta etapa de los procedimientos no le asiste derecho al convicto de estar representado por abogado. Se trata de una solicitud al amparo de la Regla 192.1 y no continuará realizando designaciones de abogados de oficio cuando· ya tres abogados no han podido intervenir en el caso porque las imputaciones que hace el convicto son contra compañeros abogados y no va a exponer a ningún abogado para que se le presente una querella de que son amigos o compañeros.*

*Ante esa situación, el convicto no tiene otra alternativa que contratar abogado o representarse a sí mismo."*

La vista y discusión de la moción de nuevo juicio quedó pospuesta para el 21 de diciembre de 2007.

Celebrada la vista del 21 de diciembre de 2007, el convicto informó al TPI de las gestiones infructuosas para conseguir abogado privado por lo que reiteró su solicitud para que se le designe defensor de oficio. Instancia reiteró su negativa para tal designación y re-señaló la vista para discutir la moción bajo la Regla 192.1, *supra*, para el 8 de febrero de 2008. A la audiencia del 8 de febrero de 2008 compareció el convicto e informó sobre la visita del Lcdo. Manuel Mayo López (Lcdo. Mayo) de la Sociedad para Asistencia Legal. Instancia instruyó al convicto respecto a que el Lcdo. Mayo debe comparecer ante el foro y asumir la representación legal. Conforme surge de los autos, ello nunca ocurrió.

Por el contrario, mediante misiva suscrita el 27 de febrero de 2009, el Lcdo. Mayo informó al convicto lo siguiente:

*"Desde un principio fuimos honestos con usted, le cursamos carta donde le explicamos que sus planteamientos son sumamente serios y que lo ayudaríamos a* <u>*prepararse para su vista*</u> *–si ésta no se había realizado– y así lo hicimos, ya que fuimos a visitarlo y le explicamos todo lo que usted tenía que indicar en la vista. Usted nos solicitó una evaluación mayor del caso para que lo representáramos, pero lamentablemente – y entendiendo su prisa–, no pudimos representarlo ante el Tribunal, por lo cual le devolvemos todas las copias que usted nos proveyó.[1] (...)*

*También le recuerdo que al usted presentar –por derecho propio–, el recurso de 192.1 hace más difícil que un abogado pueda posteriormente asumir representación. Porque tiene que ir a postular sobre alegaciones que a juicio del letrado –necesariamente–, no apliquen. De otra parte, le recuerdo que nuestra disposición siempre fue la de ayudarlo; por desgracia, nuestra oficina no cuenta con el personal suficiente para atender a todas las personas que tienen alguna situación legal y menos cuando ya se han presentado recursos por derecho propio."* (Subrayado en el original, nota al calce suprimida.) (Apéndice dos.)

Ante ello, el 27 de marzo de 2009, el Sr. Martínez recurrió nuevamente ante el TPI en solicitud de representación legal de oficio para el trámite al amparo de la Regla 192.1. (Apéndice dos.) Tal solicitud fue declarada no ha lugar mediante Orden notificada el 13 de abril de 2009, en la que también el TPI pautó vista para el 8 de mayo de 2009 y dispuso que el Sr. Martínez "se representará por derecho propio." (Apéndice tres.)

No conforme, el 1 de mayo de 2009, el Sr. Martínez solicitó reconsideración la cual fue denegada en corte abierta el 8 de mayo de 2009, reducida a escrito el 11 de mayo de 2009 y notificada el 12 de igual mes y año. (Apéndices cuatro y cinco, respectivamente.)

Al respecto y según se recoge en la Minuta que surge de los autos, Instancia indicó lo siguiente:

*"La última moción presentada [por] el convicto solicita se le asigne representación legal. Dicha moción fue declarada no ha lugar, ya que se habían hecho unas designaciones en las cuales se confront[ó] problemas con los abogados de esta región judicial porque parte de la solicitud de relevo de la sentencia es porque se alega que no recibió una adecuada representación legal. Los abogados del foro no han querido intervenir en el caso por esta razón. La designación de abogado de oficio tiene que hacerse con abogados de esta región, ya que no se tiene autoridad para hacer una designación de un abogado que no pertenezca a la región judicial de Caguas.*

*(...)*

*El Tribunal, luego de escuchado el planteamiento del convicto y examinar la moción solicitando reconsideración..., se mantiene en su determinación. En este caso se trata de una solicitud de remedio que es post-sentencia. El derecho a tener representación legal provista por el Tribunal a una persona indigente es para la etapa de juicio en su fondo donde el convicto tuvo representación legal designada de oficio y para la etapa de apelación. En este caso, todas esas etapas ya han transcurrido. Lo que se está solicitando es un remedio post-sentencia. Ni la constitución ni ningún estatuto dispone que el Tribunal viene obligado a hacer una designación de abogado de oficio. Aún así, el Tribunal, ejerciendo su discreción, hizo designación de abogado de oficio en ese sentido. Lo que se estaba alegando en dicha moción era una falta de representación legal adecuada. El Tribunal hizo la designación de abogado de oficio, y en las dos instancias en que el Tribunal hizo la designación, el convicto tuvo problemas con las designaciones e hizo imputaciones a los abogados asignados por el Tribunal en términos de que como se trataban de compañeros abogados del Lcdo. Pedro Hernández Alvarado tenían conflicto, de manera que no lo podían representar según sus propias alegaciones. (...) El Tribunal, ante la situación planteada por ambos abogados, ordenó el relevo de estos abogados. (...)*

*El Tribunal ha agotado todos los recursos para que el convicto est[é] representado en esta etapa no siendo obligación del Tribunal. Se agot[ó] la última posibilidad de la División Especial de la Sociedad para Asistencia Legal, pero el convicto le solicit[ó] la devolución del expediente con las consecuencias que eso trae. El Tribunal se reitera en que no se va a hacer definitivamente ninguna designación de abogado de oficio. Si el convicto desea, se puede representar por derecho propio para celebrar la vista.*

*El convicto manifiesta que no se puede representar solo.*

*El Tribunal no va a celebrar vista. Se orienta al convicto que de tener alguna otra contención puede acudir a un Tribunal de mayor jerarquía."*

Habida cuenta lo anterior, el 4 de junio de 2009, el Sr. Martínez presentó la causa de marras, con los siguientes señalamientos:

*"Primer Error: Cometió grave error de derecho el T.P.I., Sala de Caguas, al celebrar la vista de la Regla 192.1 sin que le permitiera al acusado estar debidamente representado por un abogado.*

*Segundo Error: Cometió grave error de derecho el T.P.I. Sala de Caguas, al obligar al acusado a que se represente solo en el presente caso no siendo abogado dicho acusado."*

## Exposición y Análisis

Atendida la estrecha correlación entre los dos señalamientos de error, los atenderemos en conjunto.

La Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico garantiza que "[e]n

todos los procesos criminales, el acusado disfrutará del derecho [...] **a tener asistencia de abogado**". (Énfasis suplido.) LPRA, Tomo 1; *In re: García Muñoz*, 160 DPR 744, 750-751 (2003); *Pueblo v. Fernández Simono*, 140 DPR 514, 519 (1996). Además del citado precepto constitucional, el derecho a una adecuada representación legal en los procedimientos criminales se ha consagrado como parte fundamental de la cláusula de debido proceso de ley. *Pueblo v. Rivera*, 167 DPR 812, 816 (2006); *Pueblo v. Ortiz Couvertier*, 132 DPR 883, 887 (1993).

Si bien es cierto que la disposición constitucional antes citada establece que el derecho a asistencia de abogado existe "en todos los procedimientos criminales", nuestro más alto foro judicial ha resuelto y reiterado que tal derecho no es absoluto ni ilimitado en tanto y en cuanto se extiende únicamente a etapas criticas del procedimiento. *Pueblo v. Rivera, supra*, a la pág. 816; *Pueblo ex rel J.L.D.R.*, 114 DPR 497 (1983).

Al respecto, el Tribunal Supremo ha determinado que una etapa crítica del proceso criminal se manifiesta cuando existe una posibilidad real de que en el trámite se pueda causar un perjuicio sustancial al acusado. *Pueblo v. Rivera, supra*, a la pág. 816; *Pueblo v. Tribunal Superior*, 96 DPR 397, 399 (1968). A tales efectos, se ha reconocido el derecho de un acusado a la asistencia legal: (1) en la etapa investigativa cuando ésta toma carácter acusatorio, (2) en el acto de lectura de acusación, (3) durante el juicio, (4) al dictarse sentencia, y (5) en el recurso de apelación. *Pueblo v. Rivera, supra*; *Pueblo v. Esquilín Díaz*, 146 DPR 808, 815 (1998); *Soto Ramos v. Supert. Granja Penal*, 90 DPR 731, 734-735 (1964).

Por otro lado y en lo aquí atinente, la Regla 192.1 de Procedimiento Criminal, *supra*, establece un procedimiento mediante el cual cualquier persona recluida en virtud de una sentencia puede cuestionar la validez de su confinamiento. La misma provee un ágil y efectivo remedio al convicto, para corregir o anular la sentencia por la cual se encuentra confinado por cualquiera de los siguientes fundamentos: (1) la sentencia fue impuesta en violación a la Constitución o las leyes del ELA y de Estados Unidos, o (2) el tribunal no tenía jurisdicción para imponer dicha sentencia, o (3) la sentencia impuesta excede de la pena prescrita por ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. *Pueblo v. Ortiz Couvertier*, 132 DPR 883, 893. Discrecionalmente, él podrá: (1) dejar sin efecto la sentencia, (2) ordenar la excarcelación del convicto, (3) dictar nueva sentencia, o (4) conceder nuevo juicio. *Pueblo v. Ruiz Torres*, 127 DPR 612, 614 (1990); D. Rivé Rivera, *Recursos extraordinarios*, 2da Ed. revisada, San Juan, Programa Educación Jurídica Continua de la Facultad Derecho U.I.P.R., 1996, pág. 181.

Una solicitud al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, solamente procederá cuando la sentencia que se cuestione adolezca de un defecto fundamental, que conlleve inevitablemente un fracaso de la justicia, o un resultado inconsistente con los principios básicos de un debido trámite. Rivé Rivera, *op. cit.*, pág. 185. Por lo tanto, salvo circunstancias excepcionales, el remedio que dispone esta Regla no se concederá en sustitución del recurso ordinario de apelación. *Id.*, a la págs. 186-187. Se trata de un mecanismo de naturaleza extraordinaria **para cuestionar la legalidad** de la sentencia, **no su corrección**, a la luz de los hechos probados. *Pueblo v. Román*, 169 DPR ___ (2007), **2007 JTS 7**, a las págs. 658-659; *Pueblo v. Marcano Parrilla*, 152 DPR 557, 569 (2000). Véase, además, D. Nevares Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 7ma ed., San Juan, Ed. Inst. Desarrollo del Derecho, 2004, 15.5, pág. 221.

**La Regla establece que la moción "podrá ser presentada en cualquier momento". El precepto en su inciso (b), sobre notificación y vista, añade que:**

"[A] *menos que la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno, ...*[e]*l tribunal proveerá asistencia de abogado al peticionario si no la tuviere, señalará prontamente la vista de dicha moción, se asegurará de que el peticionario ha incluido todos los fundamentos que tenga para solicitar el remedio, fijará y admitirá fianza en casos apropiados, establecerá las cuestiones en controversia y formulará determinaciones de hechos y conclusiones de derecho con respecto a la*

*misma."* (Énfasis nuestro.) 34 LPRA Ap. II, R. 192.1. Véase, *Camareno Maldonado v. Tribunal Superior,* 101 DPR 552, 562 (1973).

De otra parte y en lo aquí atinente, la Regla 192.1 de Procedimiento Criminal, *supra,* constituye el vehículo procesal pertinente "para que un convicto de delito en nuestra jurisdicción plantee la alegada privación de su derecho a tener una adecuada representación legal en la etapa apelativa." (Bastardillas en el original suprimidas.) *Pueblo v. Ortiz Couvertier, supra,* a la pág. 896.

No está aquí en controversia el acceso del Sr. Martínez a una vista evidenciaria ante el TPI para discutir la moción al palio de la Regla 192.1 de Procedimiento Criminal, *supra,* por él presentada. El único asunto planteado ante nos se circunscribe a determinar si el hermano foro de Instancia incidió al negar su solicitud para que se le asigne **un abogado de oficio** que lo represente en dicho trámite, debido a su indigencia para costear tal representación profesional.

En *Pueblo v. Rivera, supra,* nuestro más alto foro judicial atendió una controversia similar, pero planteada ante una moción de nuevo juicio bajo la Regla 192 de Procedimiento Criminal, 34 LPRA Ap. II, arraigada en el descubrimiento de nueva prueba por parte del convicto. Allí se determinó que:

*"La presentación de una moción de nuevo juicio bajo lo provisto en la Regla 192 de Procedimiento Criminal ...constituye un recurso discrecional para el cual no existe el derecho a la asistencia de abogado al amparo de la Sec. 11 [de nuestra Constitución]. Al tratarse de un recurso discrecional, no podemos equipararlo con una etapa crucial del proceso criminal ni con sus garantías constitucionales." Pueblo v. Rivera, supra,* a las págs. 821-822.

No obstante ello y como quedó antes dicho, la Regla 192.1 de Procedimiento Criminal, *supra,* precepto bajo el cual se presenta la moción aquí en controversia, en su inciso (b) requiere expresamente que "[e]l **tribunal prove[a] asistencia de abogado al peticionario si no la tuviere**". (Énfasis nuestro.) La propia regla dispensa el cumplimiento de tal requisito sólo si la moción y los autos de la causa concluyentemente demuestran que el peticionario no tiene derecho a remedio alguno. Tal situación no es la de autos.

Según lo intimado, el aquí peticionario plantea vía moción bajo la Regla 192.1 de Procedimiento Criminal, *supra,* entre otros asuntos, haber tenido una inadecuada representación legal con posterioridad a la imposición de la sentencia, ello porque alegadamente su entonces abogado de récord no presentó el escrito de apelación a pesar de haber sido expresamente instruido a tales efectos.

Como quedó antes dicho, la representación legal es un **derecho** que se extiende hasta la primera apelación de la sentencia impuesta. De tal forma, si un convicto ha sido privado de ejercer su **derecho a apelar**, ya por acciones u omisiones atribuibles exclusivamente a su abogado de récord, dicho convicto estaría, cuando menos, ante "una posibilidad real de que [se le] pueda causar un perjuicio sustancial". *Pueblo v. Rivera, supra,* a la pág. 816. Tal asunto, no obstante, tendrá que ser dilucidado por el hermano foro de Instancia, previa vista de discusión de la moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra.*

Ante los hechos particulares que informa la causa del epígrafe y tratándose de un trámite en el que se dilucidará si el Sr. Martínez efectivamente fue privado de su derecho a una adecuada representación legal en la etapa apelativa, asunto que de demostrarse satisfactoriamente le daría la oportunidad de ser "re-sentenciado" y a obtener un nuevo término jurisdiccional para apelar su convicción, ejercemos nuestra discreción para que en dicho trámite el Sr. Martínez esté asistido por un defensor de oficio. Se cometieron los errores imputados.

Es aquí de recordar que la etapa apelativa **"es de particular importancia, ya que esta etapa del procedimiento penal es la única –y posiblemente última– oportunidad que tiene el acusado para**

demostrar que su convicción es una contraria a derecho." (Énfasis nuestro.) *Pueblo v. Ortiz Couvertier, supra*, a la pág. 889.

**Dictamen**

Conforme a lo expuesto, expedimos el auto de *Certiorari* solicitado y revocamos la resolución aquí recurrida. Remitimos la causa al TPI para su dilucidación. El TPI deberá nombrar un representante legal al Sr. Isander Martínez Cruz, **conforme a la reglamentación vigente sobre designación de abogados de oficio, para que le asista en el trámite al amparo de la Regla 192.1 de Procedimiento Criminal,** *supra;* proveerle copia del expediente al abogado así asignado, y concederle tiempo razonable para que de entenderlo necesario, enmiende o perfeccione el escrito o solicite cualquier otro remedio que estime necesario.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

**ESCOLIO 2009 DTA 113**

1. 34 LPRA Ap. II, R. 192.1.