Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSUÉ TORRES SANTIAGO<br><br>Peticionario | TA2025CE00100 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de PONCE<br><br>Caso Núm.:<br>J LE2018G0164<br><br>Sobre:<br>Art. 58 Ley 246 |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de julio de 2025.

El 20 de junio de 2025, el Sr. Josué Torres Santiago (en adelante, peticionario) acudió ante este Tribunal de Apelaciones mediante *Petición de Certiorari* en la que nos solicita la revocación de la *Resolución* dictada en el caso de epígrafe con fecha del 5 de mayo de 2025.[1] A través del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI o foro primario) declaró No Ha Lugar cierta reconsideración que el peticionario había sometido frente a la denegatoria de su *Moción al Amparo de la Regla 192.1 de las de Procedimiento Criminal y Debido Proceso de Ley e Insuficiencia de Prueba.*

Una revisión cuidadosa de los documentos sometidos por el peticionario junto a su recurso, estimamos innecesaria la comparecencia de la Oficina del Procurador General. Por ello, y conforme nos permite hacer

---

[1] Toda vez que el peticionario se encuentra recluido en el complejo correccional Institución Ponce-1000, para todos los efectos de auscultar nuestra jurisdicción damos como fecha de presentación el día 2 de junio de 2025, fecha en que aparece firmada la petición por el peticionario.

la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[2], prescindimos de su comparecencia y procedemos a atender el recurso.

**-I-**

Según arriba consignamos, el 20 de junio del año en curso, se recibió en este tribunal la *petición de Certiorari* sometida por el peticionario. De su escrito surge que el 25 de marzo de este año, presentó ante el foro primario una *Moción al Amparo de la Regla 192.1 de las de Procedimiento Criminal y Debido Proceso de Ley e Insuficiencia de Prueba*. Allí, tras citas las disposiciones legales pertinentes, expuso que conforme podía apreciarse de la transcripción del juicio que anejó a su escrito, los hechos relatados por los testigos no concordaban con el *Informe de Incidente*, el *Informe General de Querella* o la tarjeta de querella admitidos en evidencia. Asimismo, señaló ciertas insuficiencias probatorias que estima contiene el *Informe de Incidente* en cuanto a la alegada tentativa de violación o sobre el alegado ofrecimiento de sustancias controladas para uso y distribución que le fuera imputado. Igual deficiencia probatoria le atribuye al Informe General de Querella o a las notas del agente investigador.

De la misma forma, en su escrito el peticionario cuestionó la suficiencia de los testimonios del perjudicado y su señor padre, atribuyéndole falla evidenciaria alguna que evidenciara maltrato de su parte, ni ninguno de los otros delitos por los que fue encausado. Así pues, y ante lo reseñado por él, el peticionario cuestionó la suficiencia de la prueba desfilada y solicitó al TPI que resolviera anular la sentencia dictada en su contra.

Por último, el peticionario reclama no haber contado con una adecuada representación legal. Con tal propósito, señaló que los argumentos finales emitidos por su abogado fueron superficiales, este llegó

---

[2] 4 LPRA Ap. XXII-B/ In re: Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

a retirar una solicitud de la desestimación de los cargos y limitó los planteamientos en apelaciones levantados contra la sentencia a una discusión generalizada de inadecuada apreciación de la prueba.

El 31 de marzo de 2025, notificada al día siguiente, el foro primario atendió el escrito del peticionario y, a tales efectos, dictó la siguiente *Orden:*

> *Nada que disponer, los planteamientos presentados ya han sido resueltos previamente por el Tribunal.*

En desacuerdo con lo resuelto, el peticionario solicitó reconsideración de la determinación alcanzada. El 5 de mayo de 2025, notificada al otro día, el foro primario emitió *Resolución* en la que se negó a reconsiderar. Insatisfecho aun, el peticionario instó el recurso de epígrafe y señaló la comisión de los siguientes cuatro (4) errores:

1. Erró el Honorable Tribunal de Primera Instancia al denegar el planteamiento sobre el efecto indebido al inferirse o deducirse la intención al delito de tentativa Art. 130(c), sin existir prueba creíble más allá de toda duda razonable, nada de tratar de penetrar al alegado perjudicado, por lo que se reclama abuso de discreción del TPI.

2. Erró el Hon. TPI al denegar el planteamiento que el elemento del delito Art. 58, Ley 246, persona responsable por el bienestar de un menor no fue probado más allá de toda duda razonable, inconsistencias ausencia total de prueba, por lo que se reclama se incumple con el principio de legalidad y abuso de discreción del TPI.

3. Erró el Hon. TPI-Ponce al denegar el planteamiento que el Pliego Acusatorio por delito Art. 58, Ley 246 no imputa delito, persona responsable por el bienestar de un menor, y el pliego acusatorio por delito Art. 130(c) tent. Expone alegaciones no existen en la Prueba, no fueron probadas.

4. Erró el Hon. TPI al denegar el planteamiento de prueba que no concuerda con la realidad fáctica y de indicios de falsedad por lo que se reclama abuso de discreción del TPI.

Como dijimos, hemos prescindido de la comparecencia de la Oficina del Procurador General, por lo que procedemos a atender el recurso.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

*B.*

La Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, permite a cualquier persona que se encuentre detenida y alegue tener derecho a ser puesta en libertad a que así lo solicite ante la sede del tribunal que impuso la sentencia que se anule, deje sin efecto se corrija dicha sentencia. Ello, cuando (1) la sentencia es contraria a la ley o viola algún precepto constitucional; (2) la sentencia fue dictada sin jurisdicción; (3) la sentencia excede la pena prescrita por ley, o (4 ) la sentencia está sujeta a ataque colateral por cualquier motivo. Pueblo v. Hernández Doble, 210 DPR 850, 851 (2022).

Es meritorio destacar que el procedimiento dispuesto en la discutida regla es uno de naturaleza civil, separado e independiente del procedimiento criminal cuya sentencia se impugna, por lo que es el peticionario quien tiene el peso de la prueba para demostrar que tiene derecho al remedio solicitado. *Id.*, al citar a Pueblo v. Román Mártir, 169 DPR 809, 826 (2007). De igual forma, es importante recordar que el recurso dispuesto por la Regla 192.1 de Procedimiento Criminal, *supra*, está disponible solamente cuando una sentencia adolece de un defecto fundamental que inevitablemente es contrario al debido proceso de ley. Pueblo v. Pérez Adorno, 178 DPR 946, 966 (2010).

La citada Regla, requiere que se incluyan en la moción todos los fundamentos que tenga el peticionario para solicitar el remedio o se entenderán renunciados, a menos que el tribunal, con base en un escrito

---

[3] Reglamento del Tribunal de Apelaciones, según enmienda, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ____ (2025).

subsiguiente, determine razonable que tales fundamentos no pudieron presentarse en la moción original. Pueblo v. Hernández Doble, *supra* al mencionar a Pueblo v. Pérez Adorno, *supra*. El Tribunal Supremo de Puerto Rico expresó que la herramienta provista por la discutida regla se limita a planteamientos de derecho y no puede utilizarse para revisar cuestiones de hecho. Pueblo v. Pérez Adorno, *supra*, en la pág. 966; Pueblo v. Román Mártir, *supra*, en la pág. 824; Pueblo v. Ruiz Torres, 127 DPR 612 (1990).

-III-

Nos corresponde resolver si el peticionario tiene razón y, tal cual argumenta, constituyó error y abuso de discreción por parte del TPI el denegar su moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*. Al igual que hizo ante el foro primario, reclamó que los testimonios vertidos durante el juicio en su contra fallaron en probar los hechos constitutivos de los delitos imputados, por lo que la decisión descansó en conjeturas y no en evidencia más allá de duda razonable. De igual manera, reclama insuficiencia de prueba que configurara los elementos del delito de maltrato, debiéndose anular la sentencia impugnada.

Considerados sus argumentos, a base de la norma jurídica expuesta antes, resolvemos que la decisión impugnada por el peticionario fue correcta.

Una búsqueda realizada a través de la herramienta de consulta de casos del Poder Judicial nos permite constatar que, en efecto, como señaló el foro primario, ya el peticionario ha impugnado la sentencia dictada en su contra.[4] De la misma manera, el legajo apelativo nos permite conocer que la moción que el peticionario sometió en esta ocasión reproduce los mismos fundamentos que levantó en el escrito previamente presentado por él. Así, inclusive lo admite. Véase, página 23 del Apéndice. Más aún, al estudiar la

---

[4] De nuestra investigación surge que el 26 de septiembre de 2023, este sometió una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*.

*Sentencia* dictada en el recurso KLAN201900572 observamos que este Tribunal de Apelaciones ya pasó juicio sobre las alegaciones de contradicciones y falta de concordancia entre los testimonios ofrecidos en el juicio y la prueba documental allí admitida. Siendo ello así, no encontramos indicador alguno que justifique nuestra intervención con la decisión recurrida.

-IV-

Por los fundamentos antes esbozados, denegamos expedir el auto de *certiorari* solicitado por el Sr. Josué Torres Santiago.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones