ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL VI

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>V.<br><br>DONATO CORTÉS MATOS<br><br>PETICIONARIO | KLCE202500537 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.:<br>ISCR20241676<br>ISCR20241677<br><br>Sobre:<br>Art. 93(B) y Art. 157, Código Penal |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece ante este Tribunal de Apelaciones el señor Donato Cortés Matos (Sr. Cortés Matos; peticionario) mediante el recurso de epígrafe y nos solicita que expidamos el mismo, anulemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI) el 20 de agosto de 2015 y ordenemos la celebración de un nuevo juicio.

Adelantamos que, en el ejercicio de nuestra discreción, denegamos expedir el auto de *certiorari*.

**I**

A raíz de hechos acontecidos el 5 de junio de 2013, el Sr. Cortés Matos fue acusado por haber violado el Artículo 93(B) y Artículo 157 del Código Penal de Puerto Rico y los Artículos 5.04 y 5.15 de la Ley de Armas.[1] El juicio fue visto por Tribunal de Derecho y el 20 de agosto de 2015 se emitió *Sentencia* donde fue hallado culpable por las acusaciones realizadas en virtud del Código Penal. Como corolario de lo anterior, el Sr.

---
[1] Apéndice del recurso, Anejo I.

Cortés Matos fue condenado a noventa y nueve (99) años de cárcel por el delito de asesinato en primer grado y veinticinco (25) años por el delito de secuestro. No obstante, fue hallado no culpable de los cargos por violaciones a la Ley de Armas.[2]

Posteriormente, el 8 de septiembre de 2015, el Sr. Cortés Matos presentó ante el TPI una moción de reconsideración la cual fue declarada No Ha Lugar.[3] Ante dicho resultado, el peticionario entonces acudió a este foro intermedio mediante recurso de apelación donde un panel hermano resolvió confirmar el dictamen apelado.[4] En su recurso el peticionario expuso seis (6) señalamientos de error que en su mayoría versaban sobre apreciación de la prueba, por lo que el tribunal revisor tuvo ante sí la transcripción de prueba oral del juicio. Por tal motivo, como parte de su análisis, el panel escrudiñó la transcripción provista y concedió deferencia al foro primario por tratarse de asuntos de credibilidad. No obstante, de igual manera halló que la evidencia sometida cumplió con el quantum de prueba requerido y, por ende, el Ministerio Público logró probar todos los elementos de los delitos imputados por los cuales fue hallado culpable.

Inconforme con la decisión emitida por el foro apelativo, el peticionario compareció ante el Tribunal Supremo mediante un recurso de *certiorari* el 21 de abril de 2017.[5] El Alto Foro denegó la expedición del auto de *certiorari*, al igual que dos mociones de reconsideración, también presentadas por el peticionario.[6] **Luego de agotar los remedios mencionados, la *Sentencia* condenatoria emitida el 20 de agosto de 2015, advino final y firme**.

Posteriormente, el 25 de enero de 2025, el peticionario presentó una *Moción Asumiendo Representación Legal y Solicitud al Amparo de la Regla 192.1 de las Reglas de Procedimiento Criminal Vigentes*.[7] En su escrito

---

[2] Apéndice del recurso, Anejo V, págs. 1-2.
[3] *Id.*, pág. 2.
[4] Véase KLAN201501468.
[5] Apéndice del recurso, Anejo V, pág. 2.
[6] *Id.*
[7] Apéndice del recurso, Anejo IV. En esta etapa de los procedimientos, el peticionario es representado por la abogada que suscribe la moción antes citada, quien es distinta a la representación legal que el peticionario tuvo durante el tracto procesal del caso desde su inicio hasta la presentación del recurso ante el Tribunal Supremo en el año 2017.

alegó que la *Sentencia* dictada contra este fue dictada en violación al derecho constitucional a la confrontación y al derecho a una representación legal efectiva, por lo que solicitó al tribunal que se dejara sin efecto la *Sentencia* condenatoria, fuera puesto en libertad y dictara una nueva sentencia u ordenara un nuevo juicio. En respuesta a lo anterior, el Ministerio Público presentó su oposición. Luego de estudiados los escritos mencionados, el foro de instancia señaló una vista argumentativa, la cual fue celebrada el 3 de abril de 2025.[8] Una vez celebrada la vista, el TPI emitió una *Resolución* con fecha del 2 de mayo de 2025, en la cual declaró No Ha Lugar la moción presentada por el peticionario. Además, determinó que en esta no estaban presentes los elementos requeridos para que en derecho procediera un nuevo juicio, más aún cuando se trataba de un mecanismo de revisión extraordinario y restrictivo el cual no debe "utilizarse para reabrir controversias que fueron o pudieron haber sido oportunamente atendidas mediante apelación".[9] Pronunció, además, que la defensa, quien carga con el peso de la prueba, no demostró que el Sr. Cortés Matos sufrió de violación de derechos constitucionales. También manifestó lo siguiente:

> En este caso, el expediente refleja que la defensa tuvo la oportunidad de objetar la admisión de la prueba forense y formular interrogatorios a los testigos que sí fueron llamados a declarar. No se alegó, ni se demostró que se privó a la defensa de ejercer el contrainterrogatorio de testigos claves en el proceso, ni que el tribunal impidió activamente su comparecencia.
>
> Del mismo modo, los señalamientos respecto a deficiencias en la representación legal tampoco constituyen, por sí solos, fundamentos para declarar la nulidad de una sentencia firme. […] En este caso, el convicto no ha identificado actos u omisiones concretas por parte de sus representantes legales que hubiesen resultado determinantes en la convicción. Más aún, las actuaciones de sus distintas representaciones legales fueron revisadas por los foros apelativos y encontradas en cumplimiento con el ordenamiento procesal.
>
> De igual modo, el expediente demuestra que la convicción del señor Cortés Matos descansa sobre prueba directa y circunstancial que fue evaluada por el juzgador de los hechos, incluyendo el testimonio de testigos presenciales, evidencia forense y narrativa investigativa del agente a cargo. La valoración de esa prueba fue objeto de revisión en el recurso apelativo y, en última instancia, el Tribunal Supremo

---

[8] Apéndice del recurso, Anejo V, pág. 1.
[9] *Id.*, pág. 16.

denegó la expedición del auto de *certiorari* el 21 de abril de 2017, dejándola incólume.[10]

Aún inconforme con lo resuelto, el peticionario acude ante nosotros mediante el presente recurso y esencialmente alega los mismos planteamientos que presentó ante el foro primario. En concreto, expone los siguientes señalamientos de error:

PRIMER SE[Ñ]ALAMIENTO DE ERROR:

ERR[Ó] EL TPI AL SOSTENER EN SU RESOLUCIÓN QUE, EN EL PROCESO SEGUIDO CONTRA EL PETICIONARIO, EL TRIBUNAL NO PERMITIÓ LA ADMISIÓN DE PRUEBA PERICIAL SIN LA COMPARECENCIA DEL PERITO, NI SE ADMITIERON DOCUMENTOS SIN BASE ADECUADA, QUE REDUNDARA EN UN JUICIO INJUSTO Y CONTRARIO A DERECHO.

SEGUNDO SE[Ñ]ALAMIENTO DE ERROR:

ERR[Ó] AL APLICAR INADECUADAMENTE LA DOCTRINA DE COSA JUZGADA NEGÁNDOSE A EXAMINAR SEÑALAMIENTOS CONSTITUCIONALES NO DEBIDAMENTE CONSIDERADOS EN LA APELACIÓN ORIGINAL. PUEBLO V. LUIS TORRES, 127 DPR 612 (1990)

TERCER SE[Ñ]ALAMIENTO DE ERROR:

EN LA REFERIDA RESOLUCIÓN DEL T.P.I. ESTE REITERA QUE, EL EXPEDIENTE DEMUESTRA QUE LA CONVICCIÓN DEL PETICIONARIO DESCANSA SOBRE PRUEBA DIRECTA Y CIRCUNSTANCIAL QUE FUE EVALUADA POR EL JUZGADOR DE HECHOS, INCLUYENDO EL TESTIMONIO DE TESTIGOS PRESENCIALES, EVIDENCIA FORENSE Y NARRATIVA IN[V]ESTIGATIVA DEL AGENTE A CARGO.

CUARTO SE[Ñ]ALAMIENTO DE ERROR[:]

ERR[Ó] EL T.P.I. AL REITERAR QUE, EL EXPEDIENTE DEMUESTRA QUE LA CONVICCIÓN DEL PETICIONARIO DESCANSA SOBRE PRUEBA DIRECTA Y CIRCUNSTANCIAL QUE FUE EVALUADA POR EL JUZGADOR DE HECHOS, INCLUYENDO EL TESTIMONIO DE TESTIGOS PRESENCIALES, EVIDENCIA FORENSE Y NARRATIVA IN[V]ESTIGATIVA DEL AGENTE A CARGO. QUE LA VALORACIÓN DE ESA PRUEBA FUE OBJETO DE REVISIÓN EN EL RECURSO APELATIVO Y, EN ÚLTIMA INSTANCIA, EL TRIBUNAL SUPREMO DENEGÓ LA EXPEDICIÓN DEL AUTO DE CERTIORARI EL 21 DE ABRIL DE 2017, DEJÁNDOLA INCÓLUME.

---

[10] *Id.*, pág. 18.

Mediante *Resolución* concedimos un término al Pueblo de Puerto Rico (Pueblo; recurrido), representado por la Oficina del Procurador General, hasta el 26 de mayo de 2025 para que presentara su posición respecto al recurso presentado. Luego de una breve prórroga, el Pueblo compareció el 29 de mayo de 2025 mediante el escrito titulado *Solicitud de Desestimación*. En su escrito, solicitó a este tribunal revisor que desestimara el recurso presentado por falta de jurisdicción a raíz de que este se presentó con un apéndice deficiente. **Declaramos dicha solicitud No Ha Lugar** pues las deficiencias señaladas no nos privan de jurisdicción y algunas fueron subsanadas por el peticionario. En ánimo de promover el "más justo y eficiente despacho" del asunto ante nuestra consideración, optamos por prescindir de los términos y escritos ulteriores de conformidad con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[11]

**II**

**A**

En nuestro ordenamiento jurídico, el auto de *certiorari* "es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior". *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). El auto de *certiorari* se utiliza "para revisar tanto errores de derecho procesal como sustantivo". *Id.* En lo pertinente, el Reglamento del Tribunal de Apelaciones dispone en su Regla 40 que para determinar si debemos expedir un recurso de *certiorari* debemos tomar en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema

---

[11] La citada norma procesal establece lo siguiente: "El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B R.40.

La citada regla nos concede discreción para determinar si expedimos o no un recurso de *certiorari*. Es norma reiterada que los foros apelativos no debemos intervenir con las determinaciones de los tribunales de instancia, "**salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial**". (Énfasis nuestro.) *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B**

En nuestro ordenamiento jurídico la concesión de un nuevo juicio está regulado por la Regla 188 de Procedimiento Criminal, 34 LPRA Ap. II R. 188 y la Regla 192 de Procedimiento Criminal, 34 LPRA Ap. II R.192. Por su parte, la Regla 192, *supra*, regula la concesión de un nuevo juicio **después** de que se dicte Sentencia. En lo pertinente, la referida regla dispone lo siguiente:

**Regla 192. NUEVO JUICIO; CONOCIMIENTO DE NUEVOS HECHOS**

También podrá el tribunal, a solicitud del acusado, conceder un nuevo juicio **cuando después de dictada la sentencia sobreviniere el conocimiento de nuevos hechos o de nuevos elementos de prueba de tal naturaleza que evidencien la inocencia del condenado.** (Énfasis nuestro.)

**Es decir, que esta requiere que la nueva prueba descubierta demuestre la posible inocencia del convicto**. Dicha regla al igual que la

Regla 188, *supra*, contempla "la posibilidad de la concesión de un nuevo juicio bajo el supuesto del descubrimiento de nueva evidencia o nueva prueba". *Pueblo v. Marcano Parrilla [II]*, 168 DPR 721, 728-729 (2006). A diferencia de la Regla 188, *supra*, la Regla 192, *supra*, **procede luego de haberse dictado sentencia.** Por lo que se refiere a un remedio post-sentencia. Así pues, la referida regla contempla "la posibilidad de que una sentencia final y firme se deje sin efecto". *Pueblo v. Marcano Parrilla [II]*, supra, pág. 739. Por lo cual, debemos reiterar que es un remedio de **carácter excepcional**, pues tiene como propósito revocar sentencias finales y firmes por hechos propensos a demostrar la inocencia del convicto. *Id.*; Véase, además, *Pueblo v. Rodríguez,* 193 DPR 987, 999 (2015). No obstante, debemos enfatizar que esto no implica que se requiere que la sentencia haya advenido final y firme para solicitar el remedio post-sentencia provisto en la referida regla.

El caso normativo con referencia a esta regla lo es *Pueblo v. Marcano Parrilla [II]*, *supra*. En el mismo se estableció un nuevo *quantum* de prueba, a los efectos de determinar si procede una moción de nuevo juicio, a saber:

> **Si al analizar la nueva evidencia junto a la presentada en el juicio original de la forma más favorable al fallo o veredicto de culpabilidad que se impugna, resulta que esta evidencia pudo haber creado duda razonable en el ánimo del juzgador en cuanto a la culpabilidad del peticionario. Esto es, la nueva prueba debe demostrar que es más probable que el convicto sea inocente a que sea culpable.** (Énfasis en el original.)[12] *Pueblo v. Marcano Parrilla [II]*, *supra*, págs. 739-740.

Sin embargo, ello no implica que quien solicita este remedio post sentencia tenga que demostrar su inocencia de forma exacta, certera e incontrovertible. *Pueblo v. Marcano Parrilla [II]*, *supra*, pág. 739. En cambio, lo que se requiere es que se demuestre la posible inocencia de la persona convicta.

---

[12] El Tribunal Supremo estableció que la Regla 192, *supra*, exige a los tribunales que estos requieran un grado mayor de prueba al requerido por la Regla 188, *supra*. *Pueblo v. Rodríguez*, supra, págs. 999-1000 n. 31 que cita a *Pueblo v. Marcano Parrilla [II], supra*, pág. 738.

En consecuencia, se ha establecido que una moción de nuevo juicio al amparo del descubrimiento de nueva prueba sólo procede cuando: **(1) no se pudo descubrir con razonable diligencia antes del juicio; (2) no es meramente acumulativa; (3) no impugna la prueba aducida durante el juicio; (4) es creíble; y (5) probablemente produciría un resultado diferente.** (Citas omitidas.) (Énfasis nuestro.) *Pueblo v. Marcano Parrilla [II], supra*, pág. 738. En cuanto al segundo y cuarto requisito, estos "van dirigidos a evaluar la probabilidad de que con ella se obtenga un resultado distinto". *Pueblo v. Rodríguez, supra*, pág. 1000.  Asimismo, no se debe conceder la moción de nuevo juicio cuando surja que la nueva prueba es increíble. *Id*. Al analizar estos factores, estos se deben evaluar a la luz de toda la evidencia ya presentada en el juicio original y no por sí solos. *Id; Pueblo v. Marcano Parrilla [II]*, *supra*, pág. 736. Por lo cual, ante un análisis bajo la Regla 192.1, *supra*, se debe tomar en consideración de manera conjunta la nueva prueba, así como, la presentada en el juicio para determinar si procede o no el nuevo juicio.

Así mismo, la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II R. 192.1, dispone lo siguiente:

> (a) Quiénes pueden pedirlo. **Cualquier persona que se halle detenida en virtud de una sentencia dictada por cualquier sala del Tribunal de Primera Instancia y que alegue el derecho a ser puesta en libertad porque:**
>
> > (1) **la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o**
> >
> > (2) **el tribunal no tenía jurisdicción para imponer dicha sentencia; o**
> >
> > (3) **la sentencia impuesta excede de la pena prescrita por la ley, o**
> >
> > (4) **la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia.**
>
> **La moción para dichos fines podrá ser presentada en cualquier momento. En la moción deberán incluirse todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se**

**considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.**

(b) Notificación y vista. [...] El tribunal proveerá asistencia de abogado al peticionario si no la tuviere, señalará prontamente la vista de dicha moción, se asegurará de **que el peticionario ha incluido todos los fundamentos que tenga para solicitar el remedio**, fijará y admitirá fianza en los casos apropiados, establecerá las cuestiones en controversia y formulará determinaciones de hecho y conclusiones de derecho con respecto a la misma.

Si el Tribunal determina que la sentencia fue dictada sin jurisdicción, o que la sentencia impuesta excede la pena prescrita por la ley, o que por cualquier motivo está sujeta a ataque colateral, o que ha habido tal violación de los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, el **tribunal la anulará y dejará sin efecto y ordenará que el peticionario sea puesto en libertad, o dictará una nueva sentencia, o concederá un nuevo juicio, según proceda.**

[...]. (Énfasis nuestro.)

Acorde al inciso (a) de la citada regla, cualquier persona que se encuentre detenida por una sentencia condenatoria podrá presentar una moción ante el Tribunal de Primera Instancia que la dictó para que esta se **anule, se deje sin efecto o se corrija** en las circunstancias que se alegue el derecho a ser puesto en libertad por cualquiera de los siguientes fundamentos: (1) la sentencia se impuso en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico, o de la Constitución y las leyes de Estados Unidos; (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; (3) la sentencia impuesta excede la pena que prescribe la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. Véase, además, *Pueblo v. Román Mártir*, 169 DPR 809, 823 (2007). Conforme a esta regla, el TPI podrá, a su discreción, dejar sin efecto la sentencia, ordenar la excarcelación del convicto y ser puesto en libertad, dictar nueva sentencia o conceder un nuevo juicio, según proceda. *Id.*, en la pág. 824, que cita a *Pueblo v. Ortíz Couvertier*, 132 DPR 883, 893 (1993).

Una moción al amparo de Regla 192.1, *supra*, **puede presentarse ante el tribunal sentenciador en cualquier momento, después de dictada la sentencia, incluso cuando esta haya advenido final y firme.** La moción que se realice a estos efectos debe incluir todos aquellos fundamentos que tenga el convicto para solicitar el remedio que provee la misma. *Pueblo v. Román Mártir*, *supra*, pág. 823. De lo contrario, se considerarán renunciados los fundamentos no incluidos en la moción, excepto cuando el tribunal, mediante fundamento en un escrito subsiguiente, determine que no pudieron razonablemente presentarse en la moción original. *Id.*, en las págs. 823-824.

Los fundamentos para solicitar la revisión de una sentencia bajo el mecanismo provisto por la Regla 192.1, *supra*, **se limitan a planteamientos de derecho, por lo que esta regla no puede ser utilizada como mecanismo para revisar señalamientos sobre errores de hechos.** *Pueblo v. Román Mártir*, *supra*, pág. 824. "La culpabilidad o inocencia del convicto no es asunto susceptible de plantearse bajo este procedimiento, sino la cuestión de si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo". *Id.* Es importante destacar que nuestro máximo foro judicial ha resuelto que si la moción presentada al amparo de la Regla 192.1, *supra*, "**no demuestra de su faz que el peticionario tiene derecho a algún remedio, el Tribunal deberá rechazarla de plano. Si es inmeritoria de su faz, lo procedente es que se declare Sin Lugar, sin ulterior trámite**". *Pueblo v. Román Mártir*, *supra*, pág. 826. Además, se ha reconocido que el procedimiento provisto por esta regla "es uno de naturaleza civil, semejante al recurso de *hábeas corpus*, separado e independiente del procedimiento criminal cuya sentencia se impugna, **es el peticionario quien tiene el peso de la prueba para demostrar que tiene derecho al remedio solicitado**". *Id.* (Énfasis nuestro.) **Por tal razón, le corresponde al convicto poner al tribunal en condiciones de poder resolver la moción de nuevo juicio**

**mediante datos y argumentos de derecho, establecidos de manera concreta, que es imperiosa la celebración de una vista para atender sus planteamientos de acuerdo con la mencionada regla.** *Id.* en las págs. 826-827. (Énfasis nuestro.)

Por otra parte, tenemos que enfatizar y recalcar que "**la concesión de un nuevo juicio descansa en la sana discreción del tribunal sentenciador, y dicha determinación merece deferencia, mientras no se demuestre un claro abuso de discreción**". (Énfasis nuestro.) *Pueblo v. Marcano Parrilla [II]*, *supra*, pág. 740 que cita a *Pueblo v. Chévere Heredia*, 139 DPR 1 (1995).

**III**

En el presente caso, el peticionario sostiene que incidió el foro primario al denegar su solicitud de nuevo juicio al amparo de la Regla 192.1, *supra,* luego de haberse celebrado la vista argumentativa correspondiente. En la referida vista, el TPI determinó que no se daban las circunstancias necesarias para declarar con lugar la moción y anular la sentencia dictada. Asimismo, esbozó que la defensa no logró establecer que los derechos constitucionales del peticionario fueron transgredidos.

Como tribunal revisor, nos corresponde examinar el presente recurso al amparo de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así pues, luego de analizar el expediente ante nuestra consideración, somos del criterio que el TPI no incurrió en un claro e inequívoco abuso de su discreción que amerite nuestra intervención. Veamos.

Según lo expuesto por el peticionario, el foro primario erró en determinar que no hubo un juicio injusto y contrario a derecho a pesar de que se admitió prueba pericial sin comparecencia de perito. Sin embargo, su discusión se concentró en la admisión del informe de balística **a pesar de que esto fue en gran manera lo que absolvió al peticionario de los cargos imputados al amparo de la Ley de Armas**. Además, señaló que el TPI aplicó erróneamente la doctrina de cosa juzgada y luego también

expuso errores en torno a la valoración de la prueba. No obstante, el peticionario no logró demostrar que el foro primario actuó en abuso de su discreción, haya mediado prejuicio o parcialidad.

Por entender que no medió error, perjuicio o parcialidad por parte del TPI, al amparo de la Regla 40 del Tribunal de Apelaciones, *supra,* y en el ejercicio de nuestra discreción, denegamos la expedición del auto de *certiorari.*

**IV**

Por los fundamentos anteriormente expuestos, denegamos expedir el auto de *certiorari* solicitado.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones